Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
9385 SW Locust Street
Tigard, Oregon 97223
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| STEVEN JOHANSEN, | ) | Case No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT MANDARICH LAW** |
| v. | ) | **GROUP, LLP'S NOTICE OF** |
| | ) | **REMOVAL** |
| MANDARICH LAW GROUP, LLP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446(a) and (b),

Defendant Mandarich Law Group, LLP ("Defendant") hereby removes to this Court the state

court action pending in Oregon Circuit Court, Multnomah County, case number 25CV03411

("the State Court Action"), based on the following grounds:

1.     The State Court Action is removable to the United States District Court under 28

U.S.C. §§ 1331 and 1441, on the grounds of federal question jurisdiction because the Complaint

purports to allege a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §1692, *et seq.*.

Page 1 – DEFENDANT MANDARICH LAW GROUP, LLP'S NOTICE OF REMOVAL

2.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after Defendant's receipt of the initial pleadings setting forth the claim for relief upon which the action is based.

3.      Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit "A" to this Notice are copies of the documents that constitute all the process, pleadings and orders received by Defendant in the State Court Action.

4.      Upon receipt of this Notice, no further action shall be taken in Oregon Circuit Court, Multnomah County, case no. 25CV03411.

5.      Upon information and belief, Defendant is the only defendant and the only defendant that has been served.

6.      By filing this Notice of Removal, Defendant does not waive any defenses or claims, including (but not limited to) any defenses based on jurisdiction, service, or statutes of limitation.

Date:      February 19, 2025

Respectfully submitted,

SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
9385 SW Locust Street
Tigard, Oregon 97223
Tel: (971) 302-6236
Fax: (503) 974-1673

*Attorneys for Defendant Mandarich Law Group, LLP*

# EXHIBIT A



## Introduction Letter

Please **immediately** share these legal documents with your insurance companies. Attached please find initial requests for production and inspection and a proposed deposition notice. Please let us know your availability for your inspection and deposition. We are happy to provide plaintiff's documents and deposition availability upon request. Plaintiff requests to read for correctness and sign any deposition transcript.

Please take immediate steps to preserve all documents, information and things that may be relevant to the claims and defenses in this case. We intend to have this case ready for trial within 150 days. Please let us know if you will keep attorney fees down by agreeing to an expedited jury trial. Please let us know if you will keep costs down by agreeing to accept service of legal papers by email. If not, please call us to confer on a motion to allow electronic service.

If you are ever interested in attending mediation to discuss an early resolution to the case please let us know. Thank you.

Sincerely,


s/ Michael Fuller
Partner

Enclosures      Summons
                Complaint
                Initial Requests for Production and Inspection
                Initial Requests for Admission
                First Supplemental Requests for Production
                Proposed Deposition Notice
                Terms and Conditions


US Bancorp Tower · 111 SW 5th Ave. · Suite 3150
Portland, Oregon 97204 · 503-222-2000

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

|  |  |
|---|---|
| **STEVEN JOHANSEN**<br><br>Plaintiff<br><br>vs<br><br>**MANDARICH LAW GROUP, LLP**<br><br>Defendant | Case No. 25CV03411<br><br>**SUMMONS** |

TO:  Mandarich Law Group, LLP
       c/o general partner Christopher Mandarich
       550 W Washington Blvd Ste 701
       Chicago, Illinois 60661

SUMMONS – Page 1 of 3

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

January 20, 2025

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

SUMMONS – Page 2 of 3

STATE OF OREGON     )
                           ) ss:
County of Multnomah   )

I, the undersigned attorney of record for plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.

January 20, 2025

                              /s/ Michael Fuller
                              **Michael Fuller, OSB No. 09357**
                              Lead Trial Attorney for Plaintiff
                              Underdog Law Office
                              US Bancorp Tower
                              111 SW 5th Ave., Suite 3150
                              Portland, Oregon 97204
                              michael@underdoglawyer.com
                              Direct 503-222-2000

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a document which you shall attach hereto.

January 20, 2025

                              /s/ Michael Fuller
                              **Michael Fuller, OSB No. 09357**
                              Lead Trial Attorney for Plaintiff
                              Underdog Law Office
                              US Bancorp Tower
                              111 SW 5th Ave., Suite 3150
                              Portland, Oregon 97204
                              michael@underdoglawyer.com
                              Direct 503-222-2000

SUMMONS – Page 3 of 3

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **STEVEN JOHANSEN** | Case No. |
| Plaintiff | **COMPLAINT** |
| vs | 15 U.S.C. § 1692k—*Civil Action for Unfair Debt Collection Practices* |
| **MANDARICH LAW GROUP, LLP** | Amount in Controversy: $1 to $70,000 |
| Defendant | Not Subject to Mandatory Arbitration |
| | Filing Fee Authority: ORS 21.160(1)(c) |
| | Jury Trial Requested |

**1.**

**FACTUAL ALLEGATIONS**

This Court has jurisdiction and venue is proper because defendant is registered to conduct business in Oregon and conducts regular and sustained business activity in Multnomah County, including by collecting debts from Oregon citizens through the mails and by filing no less than 550 debt collection lawsuits in Multnomah County Circuit Court in the last two years.

**2.**

Plaintiff Mr. Johansen is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act (FDCPA) because he is a natural person who allegedly owed a consumer credit debt originating with Credit One Bank, N.A. (Credit One) account number ending in 9578 and that was purchased by LVNV Funding LLC (LVNV).

COMPLAINT – Page 1 of 8

**3.**

As further alleged in this complaint, defendant Mandarich Law Group, LLP (defendant or MLG) is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA because MLG uses instrumentalities of interstate commerce or the mails to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including by sending collection letters and emails and by filing thousands of debt collection lawsuits to collect on consumer debts alleged to be owed to its clients such as LVNV. The debt collection practices alleged in this complaint were engaged in by defendant's officers, members, agents, employees, or attorneys acting within the scope of their employment and authority.

**4.**

In November of 2023, Mr. Johansen learned for the first time that MLG was attempting to collect the debt from him when he received a letter from MLG alleging that he owed debt to LVNV and demanding payment. In response to that letter, Mr. Johansen emailed MLG explaining that he did not recognize the debt and requesting more information about the debt. In December of 2023, Mr. Johansen received purported "evidence" of the debt showing that the debt allegedly belonged to an individual with a P.O. Box in Medford, Oregon. Mr. Johansen has never lived in Medford, Oregon and never has had a P.O. Box in Medford, Oregon and did not recognize the debt. In response, Mr. Johansen contacted LVNV's agents to inform them that they were collecting from the wrong individual.

**COMPLAINT** – Page 2 of 8

**5.**

Despite Mr. Johansen's communications sent to MLG disputing that he owed the debt, on or about February 6, 2024, MLG filed a debt collection lawsuit in Washington County Circuit Court, Case Number 24CV06593 (the "collection lawsuit") in an attempt to collect the debt from Mr. Johansen.

**6.**

On or about February 17, 2024 MLG caused a summons and complaint in the collection lawsuit to be served on Mr. Johansen at his home. Defendant's collection lawsuit complaint alleged that LVNV was "a business registered to do business in the state of Oregon," that LVNV was "a debt buyer," that Mr. Johansen made a payment in the amount of $149.95 on April 30, 2019, that the debt was charged off by Credit One on December 20, 2019 with a balance owing of $1,477.85, that LVNV purchased the debt from Credit One on or about January 15, 2020, and that Mr. Johansen owed LVNV $1,477.85 because he failed to pay LVNV that amount after LVNV demanded he do so.

**7.**

The collection lawsuit complaint also alleged that Mr. Johansen executed and delivered a credit account application to Credit One; agreed to repay all charges incurred on the account; used the account to make purchases, balance transfers, and/or cash advances; reaffirmed the agreement to repay Credit One each time the account was used; failed, refused, and neglected to pay amounts due on the account; and owes the sum of $1,477.85.

COMPLAINT – Page 3 of 8

**8.**

In the collection complaint prayer, MLG sought $1,477.85 in economic damages from Mr. Johansen, post-judgment interest in the amount of 9% per annum, costs, and other relief as the court would deem just and proper.

**9.**

MLG attached several exhibits to its collection complaint, including an exhibit titled "Consumer Debt Collection Disclosure Statement," attesting under penalty of perjury, that MLG's agent Brendan Wilson is "a debt collector" and that the collection lawsuit was an "action seeking collection on a debt * * * on a debt buyer's behalf," and another exhibit containing multiple Credit One credit card statements for an account ending in 9578, showing the dates and locations of various credit card charges and purchases on the account on dates in 2018 and 2019, and listing the account holder as a "Steven Johansen" with a mailing address of "PO Box 4494, Medford, OR 97501-0178."

**10.**

On February 19, 2024, after being served with the collection lawsuit summons and complaint, Mr. Johansen emailed MLG's attorney and employee Brendan Wilson, again disputing, in very specific detail, that he owed the debt; specifically stating that he was served with defendant's collection lawsuit summons and complaint, was "writing in the hopes that defendant and LVNV would "withdraw this lawsuit because I am not the proper defendant."

COMPLAINT – Page 4 of 8

**11.**

Mr.. Johansen's email dispute to MLG further stated that, "[i]t appears that I have the same name as the alleged debtor, but I am not the debtor"; that the lawsuit documents list the debtor's address as "P.O. Box 4494 in Medford Oregon", but that plaintiff was "a law professor at Lewis and Clark Law School in Portland, Oregon, where I have lived for the past 39 years"; that plaintiff "never lived in Medford, which is about 300 miles from my home"; that plaintiff "never had a Post Office Box, much less one in Medford", and does "not know anyone in Medford"; that the charges listed on the attached Credit One statements were from locations and businesses where plaintiff had never used a credit card and had never even been; that the alleged payments on the debt made from Las Vegas, Nevada were not made by plaintiff; and that plaintiff never had a credit card or received any bills from Credit One Bank and was "certain" that he would remember if he had.

**12.**

Mr. Johansen's email dispute to MLG concluded by stating that although he was prepared to hire a lawyer to help him defend against the lawsuit if necessary, he wanted to "reach out to you first in the hope that you would recognize that I am not the Steven Johansen who is the actual debtor in this claim."

**13.**

Based on the detailed information in Mr. Johansen's February 19, 2024 email, and from his previous communications and disputes, MLG knew or should have known that Mr. Johansen was not the individual who owed the alleged debt. Yet MLG still refused to dismiss its collection lawsuit, and only chose to do so on or about March 25, 2024, after Mr. Johansen was compelled to retain counsel to represent him and approximately one month after Mr. Johansen answered MLG's lawsuit through counsel. MLG's eventual dismissal of its lawsuit was "without prejudice" meaning MLG reserved the right to file its collection lawsuit against Mr. Johansen again in the future.

**14.**

Mr. Johansen never opened, established, or otherwise assented to or agreed to the account with Credit One underlying the debt and does not owe, and has never owed, the debt or any amount to Credit One or LVNV.

**15.**

MLG's use of false, deceptive, misleading, unfair, and unconscionable representations and means to attempt to collect the debt from Mr. Johansen as alleged in this complaint caused Mr. Johansen noneconomic damages including mental suffering, emotional distress, stress, anxiety, worry, humiliation, embarrassment, invasion of personal privacy, reputational harm, and inconvenience and interference with his normal and usual activities, in amounts to be decided by the jury.

**COMPLAINT** – Page 6 of 8

**16.**

**CLAIM FOR RELIEF**

—15 U.S.C. § 1692k—

As further alleged in this complaint, MLG's attempts to collect the debt from Mr. Johansen that he did not owe through the filing and service of the debt collection lawsuit complaint and continued litigation of the collection lawsuit even after Mr. Johansen's multiple disputes, when MLG knew or had reason to know that Mr. Johansen did not owe the debt, violated the strict liability provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), causing Mr. Johansen actual damages. Under 15 U.S.C. § 1692k, Mr. Johansen is entitled to and so respectfully requests a judgment that defendant violated the FDCPA and a money award for actual and statutory damages in amounts to be decided by the jury to be fair and reasonable, together with a reasonable attorney's fee and costs and disbursements as determined by the Court. The judgment for noneconomic damages shall not be less than $1 and shall not exceed $70,000.

**17.**

**REQUEST FOR JURY TRIAL**

Mr. Johansen respectfully requests a trial by jury.

## 18.

## PRAYER FOR RELIEF

Mr. Johansen seeks relief against MLG as requested above, and for any other relief this Court may determine is fair and equitable. Mr. Johansen reserves the right to amend this complaint to adjust the claims for compensation and damages and to add claims and additional defendants. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before or during trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to Mr. Johansen's actions and based on information and belief as to the actions of others.

January 15, 2025

RESPECTFULLY FILED,

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiff
Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

COMPLAINT – Page 8 of 8

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **STEVEN JOHANSEN** | Case No. 25CV03411 |
| Plaintiff | **INITIAL REQUESTS FOR PRODUCTION** |
| vs | |
| **MANDARICH LAW GROUP, LLP** | |
| Defendant | |

## INTRODUCTION

Plaintiff respectfully requests that defendant produce copies of the following documents, information, and things in PDF by email to team@underdoglawyer.com 45 days after service of summons, with the exception of requests pertaining to insurance documents, which should be produced as soon as practicable following the filing of the complaint.

These discovery requests are intended to cover all documents in defendant's possession, custody, or control, regardless of location. Defendant's responses must state whether or not defendant has any documents, information or things responsive to each request, and whether defendant is withholding any documents, information, or things from its responses. For each response to a request below, defendant should identify each document by bates number that is responsive to the request.

REQUESTS FOR PRODUCTION – Page 1 of 10

## ORCP 36 B(2) REQUEST FOR INSURANCE DISCLOSURES

Under ORCP 36 B(2), please disclose the existence and contents of any insurance agreement or policy under which a person transacting insurance may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; and the existence of any coverage denial or reservation of rights, and identify the provisions in any insurance agreement or policy on which such coverage denial or reservation of rights is based.

## REQUESTS FOR DOCUMENTS, INFORMATION, AND THINGS

1.  All documents, information, or things evidencing communications pertaining to plaintiff or the events and behavior and interactions alleged in plaintiff's operative complaint.

2.  All documents, information, or things evidencing communications pertaining to the events and behavior and interactions and defenses alleged in defendant's operative answer.

3.  All documents, information, or things pertaining to plaintiff or the events and behavior and interactions alleged in plaintiff's operative complaint.

4.  All documents, information, or things pertaining to the events and behavior and interactions and defenses alleged in defendant's operative answer.

5.  All documents, information, or things that tend to prove or disprove the allegations in plaintiff's operative complaint.

6.  All documents, information, or things that tend to prove or disprove the allegations and defenses in defendant's operative answer.

7.  Any documents, information, or things (if any exist) that evidence any habit of plaintiff to lie.

8.  All documents, information, or things (if any exist) evidencing any policies defendant relied on during the interactions with plaintiff as alleged in plaintiff's operative complaint.

9.  All documents, information, or things obtained from third parties pertaining to plaintiff or the events and behavior and interactions alleged in plaintiff's operative complaint.

10. All documents, information, or things obtained by subpoena in this action.

11. All documents, information, or things defendant may intend to introduce or reference in a motion for summary judgment or at trial in this action.

12. All written communications with the Court pertaining to this action.

13. A log of any documents, information, or things withheld from production on the basis of a claim of privilege or work product. The log should sufficiently describe the nature of the withheld documents, information, and things, including, when possible, dates, locations, and descriptions, so plaintiff can sufficiently assess the claim.

**REQUESTS FOR PRODUCTION** – Page 4 of 10

## INSTRUCTIONS

Upon request and for good cause, plaintiff agrees to grant defendant a short extension of its response deadline, provided that defendant turns over all the responsive documents in its litigation file at the time the extension is requested. No extension will be granted for objections and objections will be considered waived if not timely asserted.

If defendant fails to timely provide plaintiff documents or information responsive to a request above, plaintiff may move to compel production, or plaintiff may request an order prohibiting plaintiff from later introducing such responsive documents or information into evidence.

If any objection is made to any of these discovery requests, defendant shall make any such objection and state the relevant legal basis for such objection. Each and every discovery request is deemed continuing in nature under the rules, and defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these discovery requests incomplete or inaccurate and serve those amended responses upon plaintiff's counsel.

As used in these discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of defendant, which it has knowledge, whether originals, copies, scans or facsimiles. Such writings or recordings include, but are not limited to, reports and screen prints or other DOC-400 information, notes, electronic computer records, printouts of records, sample letters, Metro-data

REQUESTS FOR PRODUCTION – Page 5 of 10

tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circulars, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

"Defendant" includes any person, individual, or other third party who works for or at defendant as paid professional personnel, volunteer help, or in any other

capacity such that they are kept on any roster, list of personnel, or are otherwise identified with defendant, or any third parties or other individuals contracted by defendant, or defendant's assignees, assignors, predecessors, successors, officers, members, managers, presidents, attorneys, or other agents or executives. "Copy" or "copies" means a clean, legible reproduction omitting no image or character from the original. "Communication" and "communications" includes, unless otherwise specified, the following: (a) any document, letter, memorandum, agreement, notes, minutes, e-mail, text message, or other evidence of information in a tangible form; (b) any evidence of any telephone call by or with plaintiff, or between defendant and one or more persons, or between defendant and any other person, whether or not such call was by chance or prearranged, formal or informal; (c) any evidence of any oral discussion or meeting by or with defendant, or between defendant and one or more persons, or between defendant and any other person, whether or not such contact was by chance or prearranged, formal or informal. "Communication" and "communications" means any transmission of information (including facts, ideas, questions, and other types of information), from one person to another, whether oral, written, or visual, and whether transmitted in person or via telephone, videophone, videotape, cell or mobile phone, audiotape, mail, facsimile, telex, or telegraph, electronically (including without limitation email and transmission of computer disks, files, or directories), or otherwise.

"Documents" means every document as above defined known to defendant and every such document in its care, custody or control, or which can be located or

**REQUESTS FOR PRODUCTION** – Page 7 of 10

discovered by reasonably diligent efforts. "Any" or "each" shall be understood to include "all"; and "all" shall be understood to include "any" or "each". "Or" shall be understood to include "and"; and "and" shall be understood to include "or". "Person" or "persons" or "third party" means, unless otherwise specified, any natural person, individual, president, officer, registered agent, attorney, business enterprise, corporation, partnership, joint venture, association in fact, sole proprietorship, limited liability company, or labor organization, and any federal, state, or local governmental unit such as any municipal corporation, county, city, port, department, division, bureau, office or other political subdivision. "Evidencing" or "pertaining" to a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, comments on, responds to, describes, analyzes or in any way concerns the requested subject matter. "Meeting" and "meetings" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal. The terms "produce" and "possession, custody or control" have the meanings established under the rules.

"Event" means a thing that happened. "Behavior" means the way a person acted on a certain occasion. "Habit" has the meaning established under the rules, and excludes evidence of "character" as established under the rules, and excludes evidence used only for impeachment purposes under the rules. "Comply" means to act in accordance with or to meet specified standards. "Interaction" means communication or direct involvement with someone or something. "Policies" means

any procedure, rule, protocol or other course of action used or adopted to comply with an applicable principle, law, rule or regulation. "Complaint" means a statement that a situation is unsatisfactory or unacceptable. "Substantially similar" means resembling the subject matter of a certain event or behavior or interaction or grievance without being factually identical. The words of common usage in these requests are "understandable without elaboration" in the context in which they are used, and all other words have the meanings prescribed by the most recent version of the Random House Unabridged Dictionary unless otherwise defined. *See State v. Nichols*, 236 Or 521, 535 (1964).

## REQUESTS FOR INSPECTION

Plaintiff requests that the locations of the events and behavior and interactions alleged in the operative complaint be made available for inspection, recorded by a professional videographer and photographer, at a time that will cause the least possible disruption to the ordinary course of defendant's day to day activities.

January 20, 2025

RESPECTFULLY SERVED,

/s/ Nate Haberman
**Nate Haberman, OSB No. 225456**
Of Attorneys for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
nate@underdoglawyer.com
Direct 971-430-0211

**REQUESTS FOR PRODUCTION** – Page 10 of 10

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

|  |  |
|---|---|
| **STEVEN JOHANSEN** | Case No. 25CV03411 |
| Plaintiff | **REQUESTS FOR ADMISSION** |
| vs | |
| **MANDARICH LAW GROUP, LLP** | |
| Defendant | |

Plaintiff respectfully asks that defendant admit or deny the following requests. After trial, plaintiff intends to request reimbursement for any unnecessary litigation expenses caused by defendant's failure to candidly admit or deny any of the requests below. If defendant's responses to any of these requests change at any time throughout this case or at any time during trial, defendant must immediately tell plaintiff, and defendant must revise the written responses so that they are accurate. The words of common usage in these requests are "understandable without elaboration" in the context in which they are used, and all other words have the meanings prescribed by the most recent version of the Random House Unabridged Dictionary unless otherwise defined. *See State v. Nichols*, 236 Or 521, 535 (1964).

REQUESTS FOR ADMISSION – Page 1 of 4

FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.

1.

Plaintiff never owed the alleged debt identified in case number 24CV06593.

**Admit or Deny:**

2.

Defendant attempted to collect the alleged debt identified in case number 24CV06593 from plaintiff.

**Admit or Deny:**

3.

Defendant did not sue plaintiff in case number 24CV06593 due to a bona fide error.

**Admit or Deny:**

4.

Defendant made no attempt to verify plaintiff's full legal name before serving plaintiff with the summons and complaint in case number 24CV06593.

**Admit or Deny:**

**REQUESTS FOR ADMISSION** – Page 2 of 4

**5.**

Defendant made no attempt to verify plaintiff's social security number before serving plaintiff with the summons and complaint in case number 24CV06593.

**Admit or Deny:**

**6.**

Defendant made no attempt to verify plaintiff's date of birth before serving plaintiff with the summons and complaint in case number 24CV06593.

**Admit or Deny:**

**7.**

Defendant made no attempt to verify plaintiff's employer before serving plaintiff with the summons and complaint in case number 24CV06593.

**Admit or Deny:**

**8.**

Defendant made no attempt to verify plaintiff's address before serving plaintiff with the summons and complaint in case number 24CV06593.

**Admit or Deny:**

1

2
## DEFINITIONS

3    "Plaintiff" is defined as Steven Johansen, the individual served at 8761 SW

4
90th Ave, Portland, Oregon, on February 17,  2024 according to the proof of service

5
filed on February 20, 2024 in case number 24CV06593.

6

7
January 20, 2025

8

9
RESPECTFULLY FILED,

10

11    /s/ Michael Fuller
**Michael Fuller, OSB No. 09357**

12    Lead Trial Attorney for Plaintiff
Underdog Law Office

13    US Bancorp Tower
111 SW 5th Ave., Suite 3150

14    Portland, Oregon 97204
michael@underdoglawyer.com

15    Direct 503-222-200

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTS FOR ADMISSION** – Page 4 of 4

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **STEVEN JOHANSEN** | Case No. 25CV03411 |
| Plaintiff | **FIRST SUPPLEMENTAL REQUESTS FOR PRODUCTION** |
| vs | |
| **MANDARICH LAW GROUP, LLP** | |
| Defendant | |

## INTRODUCTION

Plaintiff respectfully requests that defendant produce copies of the following

documents, information, and things in PDF by email to team@underdoglawyer.com

45 days after service of summons.

These discovery requests are intended to cover all documents in defendant's

possession, custody, or control, regardless of location. Defendant's responses must

state whether or not defendant has any documents, information or things responsive

to each request, and whether defendant is withholding any documents, information,

or things from its responses. For each response to a request below, defendant should

identify each document by bates number that is responsive to the request.

**REQUESTS FOR PRODUCTION** – Page 1 of 10

## REQUESTS FOR DOCUMENTS, INFORMATION, AND THINGS

1. To the extent defendant or its attorney's attempts to collect from plaintiff violated the Fair Debt Collection Practices Act (FDCPA), all documents, information, or things provided by LVNV Funding, LLC, Credit One Bank, N.A., or any other third party that defendant contends may support a bona fide error defense.

2. All databases, logs, spreadsheets, and other documents containing information or data evidencing the alleged debt identified in case number 24CV06593 (xxxxxxxxxxxx9578). This request includes native forms of responsive documents with all metadata in-tact.

3. All documents, information, or things (if any) evidencing the attorney-client relationship between defendant and LVNV Funding, LLC in case number 24CV06593.

4. All documents, information, or things (if any) evidencing defendant's right to collect the alleged debt identified in case number 24CV06593.

5. All documents, information, or things (if any) evidencing the chain of custody of the alleged debt identified in case number 24CV06593.

6. All documents, information, or things (if any) evidencing mistakes or errors made while defendant enacted defendant's debt collection and debt verification policies or procedures (if any) in relation to the alleged debt identified in case number 24CV06593.

**REQUESTS FOR PRODUCTION** – Page 2 of 10

7. All documents, information, or things (if any) evidencing communications related to the alleged debt identified in case number 24CV06593.

8. All documents, information, or things (if any) evidencing notes or comments made by defendant relating to the alleged debt identified in case number 24CV06593.

9. All documents, information, or things (if any) that defendant relied upon while identifying the alleged debtor in case number 24CV06593.

10. All documents, information, or things (if any) evidencing policies, procedures, processes, techniques, or systems used to locate and identify alleged debtors in the state of Oregon.

11. All documents, information, or things (if any) evidencing policies, procedures, processes, techniques, or systems implemented by defendant while attempting to collect the alleged debt identified in case number 24CV06593.

12. All documents, information, or things (if any) evidencing policies, procedures, processes, techniques, or systems used by defendant to distinguish between an alleged debtor and another individual with a similar name in place in the last four years to present

13. All documents, information, and things (if any) identifying defendant's policies related to what evidence defendant must have in its files prior to initiating litigation against an alleged debtor.

REQUESTS FOR PRODUCTION – Page 3 of 10

14. All documents, information, or things provided to the process server (or the process server's employer) who served plaintiff in case number 24CV06593.

15. All communications with the process server (or the process server's employer) who served plaintiff in case number 24CV06593.

16. Documents sufficient to identify the names of individuals who, on behalf of defendant, engage in collection activities on behalf of defendant in the state of Oregon from 2020 until present.

17. All documents, information, or things (if any) evidencing any attempt to verify plaintiff's full legal name before serving plaintiff with the summons and complaint in case number 24CV06593.

18. All documents, information, or things (if any) evidencing any attempt to verify plaintiff's social security number before serving plaintiff with the summons and complaint in case number 24CV06593.

19. All documents, information, or things (if any) evidencing any attempt to verify plaintiff's date of birth before serving plaintiff with the summons and complaint in case number 24CV06593.

20. All documents, information, or things (if any) evidencing any attempt to verify plaintiff's employer before serving plaintiff with the summons and complaint in case number 24CV06593.

REQUESTS FOR PRODUCTION – Page 4 of 10

21. All documents, information, or things (if any) evidencing any attempt to verify plaintiff's address before serving plaintiff with the summons and complaint in case number 24CV06593.

22. All documents, information, or things evidencing communications pertaining to plaintiff or the alleged debt identified in case number 24CV06593 or the events and behavior and interactions described in defendant's complaint in case number 24CV06593.

23. All documents, information, or things pertaining to plaintiff or the events and behavior and interactions described in defendant's complaint in case number 24CV06593.

24. All documents, information, or things evidencing meetings between defendant, its employees, or third parties that where the following topics were discussed: the alleged debt identified in case number 24CV06593, attempts to collect the alleged debt identified in case number 24CV06593, or the lawsuit 24CV06593.

## DEFINITIONS

"Plaintiff" is defined as Steven Johansen, the individual served at 8761 SW 90th Ave, Portland, Oregon, on February 17, 2024 according to the proof of service filed on February 20, 2024 in case number 24CV06593.

## INSTRUCTIONS

Upon request and for good cause, plaintiff agrees to grant defendant a short extension of its response deadline, provided that defendant turns over all the responsive documents in its litigation file at the time the extension is requested. No extension will be granted for objections and objections will be considered waived if not timely asserted.

If defendant fails to timely provide plaintiff documents or information responsive to a request above, plaintiff may move to compel production, or plaintiff may request an order prohibiting plaintiff from later introducing such responsive documents or information into evidence.

If any objection is made to any of these discovery requests, defendant shall make any such objection and state the relevant legal basis for such objection. Each and every discovery request is deemed continuing in nature under the rules, and defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these discovery requests incomplete or inaccurate and serve those amended responses upon plaintiff's counsel.

As used in these discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of defendant, which it has knowledge, whether originals, copies, scans or facsimiles. Such writings or recordings include, but are not limited to, reports and screen prints or other DOC-400 information, notes, electronic computer records, printouts of records, sample letters, Metro-data

**REQUESTS FOR PRODUCTION** – Page 6 of 10

tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circulars, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

"Defendant" includes any person, individual, or other third party who works for or at defendant as paid professional personnel, volunteer help, or in any other

REQUESTS FOR PRODUCTION – Page 7 of 10

capacity such that they are kept on any roster, list of personnel, or are otherwise identified with defendant, or any third parties or other individuals contracted by defendant, or defendant's assignees, assignors, predecessors, successors, officers, members, managers, presidents, attorneys, or other agents or executives. "Copy" or "copies" means a clean, legible reproduction omitting no image or character from the original. "Communication" and "communications" includes, unless otherwise specified, the following: (a) any document, letter, memorandum, agreement, notes, minutes, e-mail, text message, or other evidence of information in a tangible form; (b) any evidence of any telephone call by or with plaintiff, or between defendant and one or more persons, or between defendant and any other person, whether or not such call was by chance or prearranged, formal or informal; (c) any evidence of any oral discussion or meeting by or with defendant, or between defendant and one or more persons, or between defendant and any other person, whether or not such contact was by chance or prearranged, formal or informal. "Communication" and "communications" means any transmission of information (including facts, ideas, questions, and other types of information), from one person to another, whether oral, written, or visual, and whether transmitted in person or via telephone, videophone, videotape, cell or mobile phone, audiotape, mail, facsimile, telex, or telegraph, electronically (including without limitation email and transmission of computer disks, files, or directories), or otherwise.

"Documents" means every document as above defined known to defendant and every such document in its care, custody or control, or which can be located or

**REQUESTS FOR PRODUCTION** – Page 8 of 10

discovered by reasonably diligent efforts. "Any" or "each" shall be understood to include "all"; and "all" shall be understood to include "any" or "each". "Or" shall be understood to include "and"; and "and" shall be understood to include "or". "Person" or "persons" or "third party" means, unless otherwise specified, any natural person, individual, president, officer, registered agent, attorney, business enterprise, corporation, partnership, joint venture, association in fact, sole proprietorship, limited liability company, or labor organization, and any federal, state, or local governmental unit such as any municipal corporation, county, city, port, department, division, bureau, office or other political subdivision. "Evidencing" or "pertaining" to a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, comments on, responds to, describes, analyzes or in any way concerns the requested subject matter. "Meeting" and "meetings" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal. The terms "produce" and "possession, custody or control" have the meanings established under the rules.

"Event" means a thing that happened. "Behavior" means the way a person acted on a certain occasion. "Habit" has the meaning established under the rules, and excludes evidence of "character" as established under the rules, and excludes evidence used only for impeachment purposes under the rules. "Comply" means to act in accordance with or to meet specified standards. "Interaction" means communication or direct involvement with someone or something. "Policies" means

any procedure, rule, protocol or other course of action used or adopted to comply with an applicable principle, law, rule or regulation. "Complaint" means a statement that a situation is unsatisfactory or unacceptable. "Substantially similar" means resembling the subject matter of a certain event or behavior or interaction or grievance without being factually identical. The words of common usage in these requests are "understandable without elaboration" in the context in which they are used, and all other words have the meanings prescribed by the most recent version of the Random House Unabridged Dictionary unless otherwise defined. *See State v. Nichols*, 236 Or 521, 535 (1964).

January 20, 2025

RESPECTFULLY SERVED,

/s/ Nate Haberman
**Nate Haberman, OSB No. 225456**
Of Attorneys for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
nate@underdoglawyer.com
Direct 971-430-0211

**REQUESTS FOR PRODUCTION** – Page 10 of 10

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

|  |  |
|---|---|
| STEVEN JOHANSEN<br><br>Plaintiff<br><br>vs<br><br>MANDARICH LAW GROUP, LLP<br><br>Defendant | Case No. 25CV03411<br><br>**DEPOSITION NOTICE**<br><br>**Proposed** |

## INTRODUCTION

On January 20, 2025 plaintiff provided defendant a proposed notice of an organizational deposition containing specific matters for examination so defendant could have as much time as possible to nominate and prepare deponents most knowledgeable to testify on its behalf. If defendant fails to prepare its deponents to provide plaintiff all information known or reasonable available to defendant as to each specific matter below during its organizational deposition, plaintiff intends to file a motion compelling defendant to produce the information and to pay plaintiff's expenses incurred in making the motion.

DEPOSITION NOTICE – Page 1 of 6

## TIME AND PLACE OF DEPOSITION

Plaintiff will take defendant's organizational deposition at the office of defendant's attorneys on _____ at 10am local time until complete, or at a different time and place most convenient for defendant, before an officer authorized by law to administer oaths. The deposition transcript will be officially stenographically recorded and preserved by a court reporter officer and by a professional videographer. The deposition testimony will be presumed available for public access unless a protective order is entered prior to the examination. For the purposes of this notice, plaintiff incorporates the definitions included in the requests for production of documents.

## MATTERS FOR EXAMINATION

Defendant must designate one or more persons to testify on its behalf as to its knowledge of each of the following matters:

1. Any non-privileged non-work-product information (to the extent any exists) evidencing defendant's efforts to designate deponents to testify as to the matters for examination in this deposition notice, including whether or not defendant's deponents intentionally did not review certain documents or information in preparation for their testimony, and including the circumstances, substance, and purpose of any communications between defendant or defendant's deponents and any witnesses about the facts of this case.

2. Any non-privileged non-work-product information evidencing defendant's efforts to produce documents and permit inspection according to plaintiff's requests for production of documents.

3. Any non-privileged non-work-product information pertaining to or evidencing the substance, purpose, creation, and veracity of defendant's written responses to plaintiff's discovery requests in this case, including whether defendant produced all non-privileged non-work-product documents, information and things in its possession, custody or control for each category requested, and including the information contained in the documents produced by defendant responsive to plaintiff's requests for production of documents.

4.  The circumstances, substance, and purpose of any non-privileged non-work-product communications pertaining to plaintiff, or the events and behavior and interactions described in plaintiff's complaint, or this lawsuit.

5.  The circumstances, substance, and purpose of any non-privileged non-work-product communications pertaining to the factual allegations and defenses described in defendant's answer.

6.  The substance and location of documents, information, or things pertaining to plaintiff, or the events and behavior and interactions described in plaintiff's complaint, or this lawsuit.

7.  Whether or not plaintiff has any habit to lie and whether or not plaintiff has exaggerated the damages alleged in this case on any occasion.

8.  Any policies defendant relied on during the interactions with plaintiff as described in plaintiff's complaint.

9.  The names and contact information for each witness to the facts described in plaintiff's complaint and defendant's answer.

## NOTICE OF DUTY TO DESIGNATE

Defendant must designate one or more persons to testify on its behalf at a deposition as to its knowledge of each of the specific matters listed above. Defendant should come to the deposition with its documents responsive to plaintiff's discovery requests.

For each person designated to testify, defendant should provide their name, address, phone number, curriculum vitae and business card, and the specific matters to which each person will testify, at least two weeks before the deposition.

If defendant does not intend to testify as to any specific matter contained in this notice, defendant should seek a protective order as soon as possible so the Court may issue a ruling before the examination is scheduled to begin. If a particular question is ruled outside the scope of this deposition notice, the parties stipulate that the deponent's answer will be made in the deponent's individual capacity. The persons so designated should come to the deposition having reviewed this notice of deposition, plaintiff's discovery requests, defendant's written discovery responses, defendant's documents responsive to plaintiff's discovery requests, and the complaint and answer in this lawsuit.

1

2      Plaintiff reserves the right to supplement this notice with additional matters

3  for examination as information is learned through discovery.

4

5

6  January 20, 2025

7                              RESPECTFULLY SERVED,

8                              /s/ Michael Fuller

9                              **Michael Fuller, OSB No. 09357**
                               Lead Trial Attorney for Plaintiff
10                             Underdog Law Office
                               US Bancorp Tower
11                             111 SW 5th Ave., Suite 3150
                               Portland, Oregon 97204
12                             michael@underdoglawyer.com
                               Direct 503-222-2000
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEPOSITION NOTICE** – Page 6 of 6



# Payment Terms and Conditions

Unless otherwise stipulated to in writing, by agreeing to any satisfaction of judgment or claim or settlement in this case, the parties shall be bound by the following material terms and conditions:

**Release.** Upon agreeing to a settlement amount, defendant shall have 5 days to prepare and circulate any proposed release.

**Payment Terms.** Payment shall be made by wire transfer payable to "OlsenDaines Trust Account". Prior to transfer, defendant shall send a notice of payment by email to team@underdoglawyer.com. Payment shall be made within 5 days after submission of the dismissal judgment to the Court, or execution by plaintiff of any proposed release, whichever is earlier.

**Settlement.** In the event of settlement, plaintiff shall cause the case to be dismissed according to the attached form of notice and judgment. The parties shall accept scanned copies of all signed documents. No party shall be required to agree to confidentiality or non-disparagement. No party shall be required to indemnify any other person. Releases shall not include future conduct and shall apply mutually to the claims or potential claims of all parties. Oregon law shall apply to any settlements.

**Enclosures**  Proposed Notice and Judgment

1
2
3
4
5
6
7

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8

FOR MULTNOMAH COUNTY

9
10
11

| | Case No. |
| **Plaintiff** | **NOTICE OF DISMISSAL** |
| vs | |
| **Defendant** | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF DISMISSAL** – Page 1 of 3

## NOTICE OF DISMISSAL

Under ORCP 54 this action is dismissed.

Date:

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

1

2                    **CERTIFICATE OF SERVICE**

3        This document was delivered to the following:

4

5

6

7  Date:

8                              /s/ Michael Fuller
9                              **Michael Fuller, OSB No. 09357**
                               Lead Trial Attorney for Plaintiff
10                             OlsenDaines
                               US Bancorp Tower
11                             111 SW 5th Ave., Suite 3150
12                             Portland, Oregon 97204
                               michael@underdoglawyer.com
13                             Direct 503-222-2000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

|  |  |
|---|---|
| Plaintiff<br><br>vs<br><br><br>Defendant | Case No.<br><br>**GENERAL JUDGMENT** |

Based on the notice of dismissal filed under ORCP 54,

**IT IS ADJUDGED** that this action is dismissed with prejudice and without award of fees or costs to any party.

_____

**GENERAL JUDGMENT** – Page 2 of 4

## CERTIFICATE OF SERVICE

This document was delivered to the following:

Date:

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

## CERTIFICATE OF READINESS

I certify that this proposed document is ready for judicial signature because I served a copy of this document on each party entitled to service and no objection has been served on me.


Date:

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**GENERAL JUDGMENT** – Page 4 of 4

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT MANDARICH LAW GROUP, LLP'S NOTICE OF REMOVAL** to be filed using the CM/ECF System, which will send notification electronically to counsel of record as follows:

Michael Fuller
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave, Ste. 3150
Portland. OR 97204
michael@underdoglawyer.com

Kelly D. Jones
Law Offices of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com

*Attorneys for Plaintiff*

Date:    February 19, 2025

*/s/ Robert E. Sabido*

Robert E. Sabido